No. 918

First Circuit

GOOS v. PATRICK

(February 8, 1932.   Opinion and Decree.)

M. R. Stewart, of Lake Charles, attorney for plaintiff, appellant.

Edwin F. Gayle, of Lake Charles, attorney for defendant, appellee.

LeBLANC, J.   Plaintiff brings this suit to recover the sum of $1,534 which he claims is due him as back pay for wages earned by him in his capacity as foreman in defendant's Building & Novelty Shop in the city of Lake Charles, La.   He alleges in his original petition that he was hired at a weekly wage of $36, and that he worked 107½ weeks, thus having earned the sum of $3,870.   In a supplemental petition, he alleges that he worked· 118 weeks, and that his earnings amounted to $4,248, of which amount he has been paid by the defendant the sum of $2,714, leaving him due the balance he claims and asks judgment for.

The defense is that plaintiff was engaged as a day laborer and was paid by the week.   His first wage was at the rate of $5 per day, which later was reduced to $3.33 because of business depression, and then again to $2.50 per day.   Defendant claims that he has paid plaintiff all that is due him, and in a reconventional demand he asks for judgment against him in the sum of $35, an amount he alleges he advanced plaintiff to enable him to have his wife taken care of during illness, and which amount he has never been repaid.   Later, the defendant filed a plea of prescription to that part of plaintiff's demand covering the wages claimed prior to the year before filing of the suit.

The judgment of the lower court was one rejecting the demand of the plaintiff and dismissing his suit.   The reconventional demand of the defendant was not acted on by the court.   Plaintiff appealed, and, as there is no answer filed by the defendant asking for an amendment of the judgment, we take it that the reconventional demand has been abandoned.

The sole issue is whether the plaintiff was hired, as he claims, by the week at $36, or was his employment by the day. We find no testimony in the record to support that of the plaintiff. He produced several witnesses, but not one of them could testify as to the exact nature of his employment, except the fact that he worked in the shop, and some speak of having seen his pay check on one or two occasions; but they did not know what his wages were, nor how he was paid. The defendant's testimony on the other hand is borne out by the entries in the time book, from which it appears that plaintiff was hired just as were the other men who worked in the shop; his time kept in the same manner, and payments made according to the time he worked as entered in the time book. Plaintiff's counsel invites our scrutiny of the time book for the purpose of detecting changes or erasures made therein. We have carefully inspected the entries called to our attention, and are unable to find any erasures or alterations whatever. The book seems to have been accurately kept by the same party; all entries being made, as it appears to us, in the same handwriting. There are a few corrections made, but all of these have to do with the time of some workman other than the plaintiff. Besides, there isn't a word of testimony, save offhand remarks of the plaintiff himself, concerning any erasures.

We find no difficulty in agreeing with the trial judge that plaintiff has failed to establish his claim, and in holding that the suit was properly dismissed.